UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

–against–

CHRISTOPHER HOWARD,

            Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/16/2022_

17 Cr. 611-8 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On March 6, 2019, a jury found Defendant, Christopher Howard, guilty on one count of racketeering conspiracy ("Count One"), one count of committing a violent crime in aid of racketeering ("VICAR"), specifically, assault with a dangerous weapon ("Count Six"), and one count of possessing, brandishing, and discharging a firearm during and in relation to a racketeering conspiracy and a VICAR ("Count Twelve"). Dkt. Entry 3/6/2019; Trial Tr. 724:15–728:23, ECF No. 827-1. After the Court granted Howard's motion for acquittal on Counts Six and Twelve, the Second Circuit reversed, reinstated the jury verdict, and remanded for resentencing. *United States v. White*, 7 F.4th 90, 104–05 (2d Cir. 2021).

    Howard now moves for a new trial on Count Twelve pursuant to Federal Rule of Criminal Procedure 33. ECF Nos. 790, 822. For the reasons stated below, Howard's motions are DENIED.

## BACKGROUND

I. Procedural History

    On July 16, 2018, Howard and nine co-defendants were charged in a twelve-count superseding indictment, which detailed the criminal activities of two gangs, known as "MBG" and the "YGz" in the Bronx. ECF No. 169. Howard, for his part, was charged with the following crimes:

- Count One alleged that, from approximately 2007 to October 2017, Howard participated in a racketeering conspiracy in connection with his membership in MBG, in violation of 18 U.S.C. § 1962(d). *Id.* ¶¶ 1–6.

- Count Six charged Howard with committing a VICAR, namely, a shooting on August 17, 2014, in violation of 18 U.S.C. §§ 1959(a)(3), (a)(5), and 2. *Id.* ¶¶ 22–23.

- Count Twelve charged Howard with using and carrying a firearm, which was brandished and discharged, in connection with the racketeering conspiracy charged in Count One and the VICAR charged in Count Six, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii), and 2. *Id.* ¶ 29.

Howard proceeded to trial before the Honorable Robert W. Sweet, and on March 6, 2019, he was convicted on all three counts. Dkt. Entry 3/6/2019.

On April 1, 2019, the case was reassigned to this Court. Dkt. Entry 4/1/2019. On May 13, 2019, Howard moved for acquittal on all three counts (the "May 2019 motion"), ECF No. 479, and on November 4, 2019, the Court granted the May 2019 motion as to Counts Six and Twelve but upheld his conviction as to Count One (the "November 2019 order"), ECF No. 608. The Government appealed the November 2019 order. ECF No. 613. While the Government's appeal was pending, the Court sentenced Howard to two years' imprisonment followed by three years' supervised release on Count One. Dkt. Entry 6/11/2020. Howard subsequently appealed the November 2019 Order. ECF No. 673.

On August 3, 2021, the Second Circuit reversed the November 2019 order as to Counts Six and Twelve and affirmed the November 2019 order denying the motion for acquittal as to Count One. *White*, 7 F.4th at 104–05. The Second Circuit reinstated the jury verdict and remanded for resentencing. *Id.*

On January 7, 2022, the Court scheduled Howard's resentencing for February 2, 2022. ECF No. 786. On January 18, 2022, Howard moved for a new trial pursuant to Rule 33 (the "January 2022 motion"), ECF No. 790, and the Court adjourned his resentencing pending its ruling

on the January 2022 motion, ECF No. 792.

On August 17, 2022, the Government filed a motion requesting detention pending Howard's resentencing (the "August 2022 motion"), ECF No. 814, and on September 6, 2022, the Court granted the August 2022 motion and ordered that Howard surrender to the United States Marshals by September 20, 2022, ECF No. 817.[1]  On September 27, 2022, Howard filed a supplemental motion for a new trial pursuant to Rule 33 (the "September 2022 motion").  ECF No. 822.

II. The Instant Motions

A. January 2022 Motion

Howard argues that he is entitled to a new trial for two reasons.  First, Howard claims that, in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the trial court issued erroneous jury instructions that deprived him of a fair trial in violation of his Fifth Amendment right to due process.  ECF No. 790 at 7, 9.  In *Davis*, the Supreme Court held that the "residual clause" in § 924(c) defining a "crime of violence," 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague.  139 S. Ct. at 2324.  Howard argues that because the trial court only instructed the jury about convicting him of Count Twelve under the residual clause, the jury could not convict him of that count after *Davis* because the instruction was based on an invalid statute.  ECF No. 790 at 9–12.  Second, Howard argues that he "was denied . . . effective assistance of counsel protected by the Sixth Amendment due to trial counsel's failure to file a timely motion for a new trial on [the] ground[] of the erroneous jury instruction[s]," and his "former appellate counsel's failure to raise this issue [on] appeal."  *Id.* at 13.

---

[1] Howard appealed the Court's order granting the August 2022 motion.  ECF No. 819.

3

B. September 2022 Motion

In *United States v. Taylor*, 142 S. Ct. 2015 (2022), the Supreme Court held that attempted Hobbs Act robbery does not categorically qualify as a crime of violence for the purposes of § 924(c). *Id.* at 2020. Howard claims that his Count Six VICAR charge was premised on his commission of an attempted murder as defined under New York state law. ECF No. 822 at 9. He argues that under the reasoning in *Taylor*, attempted murder likewise does not categorically qualify as a crime of violence, and that, therefore, he is entitled to a new trial. *Id.*

## DISCUSSION

I. <u>Timeliness</u>

The Government contends that Howard's January and September 2022 motions are untimely. ECF Nos. 796 at 3; 827 at 1. The Court shall address the timeliness issue as a threshold matter.

A. Legal Standard

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A defendant's motion for a new trial, except where grounded on newly discovered evidence, "must be filed within 14 days after the verdict or finding of guilty." *Id.* § 33(b)(2). A court may extend the deadline for filing a motion for a new trial "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B); *see United States v. Owen*, 559 F.3d 82, 83–84 (2d Cir. 2009) ("Although Rule 33 is an 'inflexible claim-processing rule,' it is not 'jurisdictional' and is therefore subject to the time-modification provisions of Rule 45(b) of the Federal Rules of Criminal Procedure." (citation omitted)).

The decision whether to grant an extension to file a motion for a new trial is within the Court's discretion.  *See Owen*, 559 F.3d at 84; *see also United States v. Malachowski*, 623 F. App'x 555, 557 (2d Cir. 2015).  In assessing whether a party may file a late motion because of "excusable neglect," courts consider: (1) "the danger of prejudice" to the non-movant opposing the extension; (2) "the length of the delay and its potential impact upon judicial proceedings"; (3) "the reason for the delay, including whether it was in the reasonable control of the movant"; and (4) "whether the movant acted in good faith."  *United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993) (citation omitted); *see United States v. Scali*, No. 16 Cr. 466, 2018 WL 3536082, at *2 (S.D.N.Y. July 23, 2018).

B.  Application

Here, Howard does not ground his motions for a new trial on newly discovered evidence; thus, under Rule 33, he was required to file a motion for a new trial by March 20, 2019, fourteen days after his conviction.  The January 2022 motion was filed nearly three years later, and the September 2022 motion was filed over three and a half years later.  Howard fails to demonstrate that excusable neglect justifies extending the deadlines.

First, if a new trial were granted, "the danger of prejudice" to the government would be substantial.  "As time goes by, the likelihood of trial witnesses[] becoming unavailable increases."  *United States v. Sabir*, 628 F. Supp. 2d 414, 417 (S.D.N.Y. 2007), *aff'd in part sub nom. United States v. Farhane*, 634 F.3d 127 (2d Cir. 2011).  This is particularly true here, where two of the Government's cooperating witnesses who testified at the trial have completed their cooperation, were sentenced, and have completed their terms of incarceration.  ECF No. 796 at 4–5; *see United States v. Urena*, No. S3 05 Cr. 0760, 2008 WL 2229847, at *3 (S.D.N.Y. May 29, 2008) (concluding that the government would be "greatly prejudiced" by a new trial because "[o]ne of

5

the two cooperators who testified for the government at trial has completed his cooperation and has since been sentenced"). As to other witnesses, the Government would also be prejudiced because "[t]he reliability of witness testimony naturally degrades over time," *United States v. Cook*, No. 13 Cr. 777, 2014 WL 12681367, at *1 (S.D.N.Y. Nov. 17, 2014), and here, over three and a half years have passed since the trial. *See Knowles v. United States*, No. 11 Cr. 630, 2022 WL 999078, at *22 (S.D.N.Y. Mar. 30, 2022).

Second, "the length of the delay" is significant: Howard filed the January 2022 motion nearly three years after the time to file it had expired, and the September 2022 motion was filed even later. Other courts in this district have found shorter delays to weigh against a finding of "excusable neglect." *See, e.g.*, *Urena*, 2008 WL 2229847, at *2 (eight months), *United States v. Kidd*, No. 18 Cr. 872, 2021 WL 2935971, at *2 (S.D.N.Y. July 13, 2021) (two years); *see also United States v. Jiau*, 644 F. App'x 92, 93 (2d Cir. 2016) (affirming district court's decision that a Rule 33 motion filed "eleven months after the verdict" was untimely); *United States v. DiPietro*, 278 F. App'x 60, 61 (2d Cir. 2008) (summary order) (concluding that district court did not abuse its discretion by finding that Rule 33 motion "filed nearly ten months after judgment was entered" was untimely).

Third, even assuming that an intervening change in law could support a finding of excusable neglect, Howard has not provided a justifiable reason for the substantial delays in the filings of his two Rule 33 motions after the Supreme Court's decisions, and the delays in these filings "w[ere] in [his] reasonable control." *Hooper*, 9 F.3d at 259. The January 2022 motion relies on *United States v. Davis*, which was decided on June 24, 2019. Howard argues that, because the Second Circuit's reversed the Court's November 2019 order on August 3, 2021, "it was reasonable for [him] to re-investigate his convictions only after the appellate court's reversal."

6

ECF No. 790 at 6.  Not so.  The Court did not issue the November 2019 order until over four months after *Davis* was decided, during which time Howard could have filed a motion for a new trial.  Further, nothing precluded Howard from filing the motion while the Second Circuit was considering the appeal of the Court's November 2019 order.  *See* Fed. R. Crim. P. 37.  And current counsel, who was appointed in October 2021, delayed for over three months before filing the January 2022 motion.  Similarly, Howard did not file the September 2022 motion—which is based on the June 21, 2022 decision in *United States v. Taylor*—until over three months after that decision.  Howard again provides no justifiable reason for the untimely filing of the September 2022 motion.

Because the remaining factors weigh in favor of the Government, the Court need not reach the question of whether Howard's motions were made in "good faith."  *See Knowles*, 2022 WL 999078, at *23 (denying Rule 33 motion as untimely even where "the Court has no reason to believe Petitioner's request to seek an extension of his [m]otion was made in bad faith" because "the remaining factors weigh in favor of the government").  The January and September 2022 motions are untimely, and Howard has failed to meet his burden to show excusable neglect to justify extending the deadlines.  Accordingly, Howard's motions are DENIED.

II. Merits

Even assuming that the Court were to extend the deadline for Howard to file his January and September 2022 motions due to excusable neglect, the motions fail on the merits.

A. Legal Standard

Courts have broad discretion to grant a new trial under Rule 33, but they nonetheless must exercise that authority "sparingly" and in "the most extraordinary circumstances."  *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992).  "The ultimate test on a Rule 33 motion is whether

letting a guilty verdict stand would be a manifest injustice." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). A court must examine the entire case, consider all facts and circumstances, and make an objective evaluation. *Id.*

    B.  Application

        1.  January 2022 Motion

Howard argues that the trial court's jury instruction as to Count Twelve was erroneous. ECF No. 790 at 7, 9. "A jury instruction is erroneous if it 'misleads the jury as to the correct legal standard or does not adequately inform the jury on the law.'" *United States v. Walsh*, 194 F.3d 37, 52 (2d Cir. 1999) (citation omitted). "Reversal is required only if the instructions, viewed as a whole, caused the defendant prejudice." *United States v. Naiman*, 211 F.3d 40, 51 (2d Cir. 2000).

The Second Circuit's recent decision in *Stone v. United States*, 37 F.4th 825 (2d Cir. 2022), guides the Court's analysis. In *Stone*, the Second Circuit held that a § 924(c) conviction which relied on one or both of two predicate offenses, where one offense was subsequently held to be an invalid predicate, would not be vacated unless the petitioner was prejudiced by the erroneous jury instruction. *Id.* at 831–32. The Second Circuit then reviewed the record to determine whether the jury would have returned a guilty verdict had it been instructed to rely only on the still-valid predicate. *Id.* The Second Circuit determined that "the error of instructing the jury on the . . . invalid predicate was harmless to [petitioner] because the jury found facts 'satisfying the essential elements of guilt' on the valid predicate." *Id.*

Here, as in *Stone*, the jury instructions as to the residual clause amounted to, at most, harmless error because the jury found that the Count Eleven conviction was predicated on the convictions for Counts One and Six. Trial Tr. at 726:24–727:2. The Second Circuit has held that the Count Six VICAR, specifically assault with a deadly weapon in aid of racketeering, is

categorically a crime of violence as a matter of law under the § 924(c) elements clause—and in fact did so in its recent opinion reversing the Court's November 2019 order granting acquittal as to Counts Six and Twelve. *White*, 7 F.4th at 104. In *White*, the Second Circuit held that post-*Davis*, Howard's Count Six conviction remains a predicate crime of violence. *See id.* ("But, post-*Davis*, the VICAR offense in Count Six remains a valid predicate crime of violence as defined under the elements clause[.] . . . Accordingly, in view of our holding today that the evidence was sufficient to sustain the conviction on Count Six, the conviction on Count Twelve also should stand.").

In addition, Howard's argument that his trial and appellate counsel were ineffective also fails. Under *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on an ineffective assistance of counsel claim, Howard is required to: (1) show that his attorneys' performance fell below an "objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice" from the dereliction in the lawyers' performance. *Id.* at 668–88, 693. Howard fails to demonstrate that his prior attorneys' performance fell below an "objective standard of reasonableness" for failing to raise a flawed argument.

2. September 2022 Motion

Howard asserts that his Count Twelve conviction cannot stand because "the New York attempted murder which underlies the VICAR offense does not qualify as a crime of violence as a matter of law under *Taylor*." ECF No. 822 at 7. But Howard's argument misstates the record. Howard's Count Six conviction was not predicated on attempted murder, but on assault with a deadly weapon. Trial Tr. 725:20-23. In fact, the jury specifically did not conclude that Howard committed attempted murder. *Id.* Therefore, Howard's *Taylor* argument is inapposite.

9

**CONCLUSION**

For the foregoing reasons, Howard's motions for a new trial are DENIED. ECF Nos. 790, 822. Further, Howard's motion for release pending resentencing dated October 3, 2022, ECF No. 824, is DENIED. *See also* ECF Nos. 817, 821. The Government's motion for an extension is DENIED as moot. ECF No. 826.

Sentencing in this matter is scheduled for **January 18, 2023**, at **10:00 a.m.** By **January 4, 2023**, Howard shall file his sentencing submission. By **January 11, 2023**, the Government shall file its sentencing submission. In addition, by **December 21, 2022**, the United States Probation Office shall provide any updates to the revised final presentence report submitted on October 8, 2021. ECF No. 762.

SO ORDERED.

Dated: November 16, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge