

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2023

**BY ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York

  Re: <u>United States v. Christopher Howard</u>, 17 Cr. 611 (AT)

Dear Judge Torres:

  The Government respectfully submits this letter in advance of resentencing of defendant Christopher Howard on Counts One, Six and Twelve of the Indictment. The Court previously sentenced Howard to 24 months' imprisonment on Count One. Resentencing is currently scheduled for January 24, 2023 at 1:00 p.m.

  For the reasons set forth below, the Government submits that a sentence greater than 120 months' imprisonment, which is the mandatory minimum sentence on Count Twelve, but less than 240 months, the sentence the Government seeks for co-defendant Michael White, is sufficient, but not greater than necessary, to account for the factors set forth in Title 18, United States Code, Section 3553(a).

  **I.** **Background**

  The Court is familiar with the facts and procedural history of this case, and the Government does not repeat them here. The Government also relies upon, and incorporates by reference, the facts and arguments set forth in its March 6, 2020 sentencing letter, which was filed in advance of Howard's first sentencing hearing held in June 2020. (*See* Dkt. 653, attached hereto as Exhibit A).

  On January 18, 2022, following the Second Circuit's reinstatement of Howard's convictions on Counts Six and Twelve and its remand for resentencing, Howard filed a sentencing submission in which he argued, among other things, that (i) the Presentence Investigation Report ("PSR") dated October 8, 2021, miscalculates the Guidelines, (ii) his conviction on Count Twelve is void, and (iii) the Section 3553(a) factors are mitigating factors that weigh in favor of a reduced sentence. (Dkt. 789).[1]

---

[1] Howard also filed three supplemental submissions, which attach letters of support from friends and family. (Dkts. 836, 840, 842).

## II. Discussion

The Government addresses each of the arguments raised by Howard in his sentencing submission below.

*First*, Howard argues that the PSR miscalculates the Guidelines. Here, Howard re-hashes the arguments raised in advance of the first sentencing hearing with respect to the application of the attempted-murder cross-reference under U.S.S.G. § 2A2.1,[2] and his request for a minor role adjustment under U.S.S.G. § 3B1.2. For the reasons set forth in the Government's March 6 sentencing letter, (*see* Dk. 653, at 6-7), these arguments should be rejected, and the Court should adopt the Guidelines as calculated by Probation.[3]

*Second*, Howard's conviction on Count Twelve is not void. (Dkt. 789, at 14-19). Howard's argument is essentially the same argument raised in his motion for a new trial, which the Court rejected on November 16, 2022. (Dkt. 832). Thus, Howard's conviction on Count Twelve remains valid, and the Court should sentence Howard on Count Twelve to 120 months' imprisonment, to run consecutively to any other sentence imposed.

*Third*, Howard identifies several Section 3553(a) factors that he claims are "mitigating" but not taken into account in the Guidelines. (Dkt. 789, at 20-30). These include the need for just punishment in light of the seriousness of the offense; the history and characteristics of the defendant; the need for deterrence; the need to protect the public; the need for medical treatment; and the need to avoid unwarranted sentencing disparities. The Government addresses each Section 3553(a) factor below:

- **The need for just punishment in light of the seriousness of the offense**: Howard argues that a lengthy prison term is inappropriate because Howard was a "victim of the community gang problem himself." (Dkt. 789, at 23). But Howard overlooks that he was convicted of shooting at rival gang members as part of his gang membership – actions that make him part of the problem and not a victim. Howard's conduct – a late night shooting aimed into a crowd of people gathering around a flagpole – is extremely

---

[2] As a secondary argument, Howard argues that, even if he had the intent to kill Shadean Samuel, he did not intend to kill the two other victims, Jonathan Perez and Aaron Dykes. (Dkt. 780, at 8-9). But the evidence at trial established that Howard shot at Perez and Dykes (who were with Samuel) at close range, thus providing circumstantial evidence of his intent to kill all three victims.

[3] Howard also argues that the evidence at trial was insufficient to establish serious bodily injury for victim Jonathan Perez. (Dkt. 789, at 11-12). The Government disagrees. Perez was taken to the hospital after being involved in a shooting complaining of a wound to his thigh. That the wound did not appear to be a gun shot wound but some other injury – perhaps caused by debris or other material being ricocheted into his thigh – is irrelevant. But even if the Court agreed and did not apply the two-level injury enhancement for Perez, the total offense level would still be 38 and thus the Guidelines range would be the same.

serious and warrants a lengthy prison sentence in addition to the 120 months' on Count Twelve.

- **The history and characteristics of the defendant**: Howard argues that his difficult childhood, which was plagued by violence and drug addiction, as well as his steady work history, are mitigating factors the Court should consider in imposing sentence. The Government does not disagree. However, the Court must also take into account that Howard chose to become a member of a violent street gang and engage in acts of violence as part of this gang – facts that counteract any mitigation from his childhood.

- **The need for deterrence**: Howard argues that neither general nor specific deterrence would be served by a lengthy prison sentence for Howard. The Government again disagrees. Howard, as a violent gang member, should be sentenced to a lengthy prison term to send the message to other gang members that violence will not be tolerated and that they will get caught for their crimes. With respect to specific deterrence, while it is a positive sign that Howard remained compliant with Probation following his release from custody, it remains the case that Howard committed a serious crime and, to date, has only served a few years in prison. Additional jail time is required to deter Howard from future crimes.

- **The need to protect the public**: Again Howard argues that he is no longer a danger to the community. The Government reiterates it argument that additional jail time is required to deter Howard from future criminal conduct, and to protect the community from acts of violence – whether committed by Howard or by other gang members.

- **The need to provide medical treatment**: As was the case when attempting to avoid remand last year, Howard attempts to rely on certain medical conditions to seek leniency from the Court. But Howard's conditions, which include depression, anxiety disorder and normocytic anemia, seasonal allergies, and penile lesion, do not even come close to what might be required to justify a sentence reduction. Moreover, all of these conditions can be adequately treated in a federal prison.

- **The need to avoid unwarranted sentencing disparities**: Howard finally points to the sentences of his co-defendants, *excluding co-defendant Michael White*, and argues that a sentence of 200 months' imprisonment – as recommended by Probation – would greatly exceed the sentences of others. The problem for Howard is two-fold. First, the defendants identified are not similarly situated. Joey Colon, for instance, was a Government cooperator who testified at three separate trials. Roy Robinson was a drug dealer who was not involved in charged acts of violence. And all defendants accepted responsibility and pled guilty, unlike Howard who proceeded to trial. Second, the requirement of Section 3553(a)(6) is designed "to eliminate unwarranted disparities *nationwide*," *United States v. Williams*, 524 F.3d 209, 215 (2d Cir. 2008). It does not require courts to consider disparities among codefendants. *See United States v. Baires*, 789 F. App'x 245, 247 (2d Cir. 2019) ("[T]here is no legal requirement that a court consider, let alone explain, sentencing disparities among codefendants."); *United States v. Wills*, 476 F.3d 103, 109-10 (2d Cir. 2007), *abrogated on other grounds by Kimbrough v.*

*United States*, 552 U.S. 85 (2007). Thus, Howard's argument on sentencing disparities should be rejected.

### III. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence greater than 120 months' but less than 240 months', which is sufficient, but not greater than necessary, to account for the factors set forth in Title 18, United States Code, Section 3553(a).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by:    /s/ Alexandra Rothman
Christopher J. Clore
Alexandra Rothman
Assistant United States Attorneys
(212) 637- 2580

cc: Defense Counsel (*by ECF*)